**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TIM BRECHT,** | § | |
| **LESA WALTON,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-cv-2320-K** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | **JURY** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, TIM BRECHT and LESA WALTON (the "Plaintiffs") and complains of STATE FARM LLOYDS ("STATE FARM" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully show unto this Honorable Court and Jury as follows:

### I. PARTIES

1.1    Plaintiffs, TIM BRECHT and LESA WALTON, are residents of Ellis County, Texas.

1.2    Defendant, STATE FARM LLOYDS, is a domestic company engaged in the business of insurance in this state. Defendant has filed an answer and entered an appearance in this matter.

### II. JURISDICTION AND VENUE

2.1    Defendant removed this action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §1332.

2.2     Venue is proper in Ellis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Ellis County, Texas.  Defendant answered in Ellis County before removal.

### III.  AGENCY AND RESPONDEAT SUPERIOR

3.1     Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV.  CONDITIONS PRECEDENT

4.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### V.  FACTS APPLICABLE TO ALL COUNTS

5.1     The Plaintiffs are the owners of a Texas Homeowner's Policy number 58CGW5652 issued by STATE FARM (the "Policy").

5.2     The Plaintiffs own the insured property, which is specifically located at 304 East Marvin Avenue, Waxahachie, Texas 75165 (the "Property").  The Property was built in or around 1890 and is officially designated as an historic property by the city of Waxahachie.  Historic Waxahachie, Inc. has issued a plaque, which is affixed to the outside of the Property, recognizing the property as worthy of preservation.

5.3     STATE FARM, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

---

5.4     On or about November 17, 2015, the Plaintiffs experienced a storm that included wind microbursts that damaged the Property, Plaintiffs' home.  Specifically, high winds and / or windblown debris caused the chimney to partially collapse, damaging the roof as well as the interior of the two-story Property, which, consistent with construction from that time period, was built around the chimney.  There were also additional storm damages to the Property.

5.5     The same day as the storm, the Plaintiffs notified STATE FARM and submitted a claim.  STATE FARM assigned claim number 43765L956 to the Plaintiffs' claim.  STATE FARM assigned an adjuster, Ms. Teresa Williams, to investigate the claim, but the adjuster never showed up.  Plaintiffs had to call STATE FARM several times over the course of several weeks and complain that their Property had not been inspected, but Ms. Williams still did not conduct an inspection.  Mrs. LESA WALTON ended up finally calling Ms. Williams' manager, after which Ms. Williams finally inspected the Property on or about December 15, 2015; almost one month after the loss.

5.6     During the inspection STATE FARM, through its adjuster Ms. Williams, was tasked with the responsibility of conducting a thorough and reasonable investigation of the Plaintiffs' claim, including determining the cause of, and then quantifying the damage done to the Plaintiffs' home.  Upon arriving, Ms. Williams only looked at the Property from the outside. She never got on the roof, nor inspected the interior to see the resulting damage caused by the damaged chimney through the structure.  The chimney on the Property runs from the base of the house, through two coal-burning fireplaces, out to the roof.  Despite the lack of thorough investigation, at some time after the inspection (but not occurring before on or about December 28, 2015), Ms. Williams and STATE FARM issued a payment for $6,476.64, representing STATE FARM's evaluation of the actual cost value of damages to the chimney.

5.7     Defendant STATE FARM failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of the Plaintiffs' claim, and requesting all information reasonably necessary to investigate the Plaintiffs' claim within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of Tex. Ins. Code § 542.055

5.8     Defendant STATE FARM failed to accept or deny the Plaintiffs' full and entire claim within the statutory mandated deadline after of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of Tex. Ins. Code § 542.056.

5.9     Defendant STATE FARM failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant delayed full payment of Plaintiffs' claim for more than 60 days, after receiving all items, statements, and forms reasonably requested and required under Tex. Ins. Code § 542.055; Notice of Claim.  To date, the Plaintiffs have not yet received full payment for their claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of Section 542.058.  This violation entitles requires STATE FARM to pay Plaintiff interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees, as outlined in Section 542.060.

5.10    In a letter to Plaintiffs' counsel dated June 17, 2016, STATE FARM admitted it had violated subchapter B of Tex. Ins. Code § 542, when it had not handled the property damage claim in accordance with the timelines established under the Prompt Payment of Claims section. In that same letter, STATE FARM sent a check for $9.08, representing its evaluation of its liability for violation of the same.

5.11    Defendant STATE FARM failed to perform its contractual duty to adequately compensate the Plaintiffs under the terms of the Policy.  Specifically, Defendant STATE FARM failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant STATE FARM's conduct constitutes a material breach of the insurance contract.

5.12    Defendant STATE FARM failed to fairly evaluate and adjust the Plaintiffs' claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to the Plaintiffs, STATE FARM engaged in unfair settlement practices to the Plaintiffs.

5.13    Defendant STATE FARM failed to make an attempt to settle the Plaintiffs' claims in a prompt and fair manner, although they were aware of its liability to the Plaintiffs was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of Tex. Ins. Code § 541.060(a)(2)(A).

5.14    Defendant STATE FARM failed to affirm or deny coverage of the Plaintiffs' claim within a reasonable time.  Specifically, the Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of Tex. Ins. Code § 541.060(a)(4).

5.15    Defendant STATE FARM refused to fully compensate the Plaintiffs under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant STATE FARM performed a results/outcome-oriented investigation of

Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of the Plaintiffs' losses to the Property.   Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of Tex. Ins. Code § 541.060(a)(7).

5.16    As a result of Defendant's wrongful acts and omissions, the Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing the Plaintiffs with respect to these causes of action.  On or about April 06, 2016,  the Plaintiffs' counsel sent a letter of representation requesting various documents related to the storm, including a certified true copy of the complete policy covering the property on the date of loss, with all endorsements. On April 28, 2016, STATE FARM Claim Specialist John DeSantis wrote a letter to the Plaintiff's counsel, refusing to provide the insureds' own policy in violation of Texas law. Instead Mr. DeSantis advised that a copy of a policy should have been provided to the Plaintiffs when they purchased their insurance.  To the date of the filing of this Complaint, STATE FARM has refused the simplest request to provide its insureds a copy of the certified true policy in question, instead choosing to create an adversarial relationship with its insureds, as well as hold Plaintiffs to a policy it refuses to provide.

5.17    On or about April 07, 2016, the Plaintiffs' counsel also sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter the Defendant.  The letter informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiffs' claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. Defendant made no attempt to respond to the Demand or settle the claim; satisfying the statutory

requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty time period to attempt to resolve the claim before a lawsuit is filed.

5.18    To date, Defendant STATE FARM has failed to and refused to pay the Plaintiffs for the proper repair of the property.  The Plaintiffs' experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI.  COUNTS

6.1    Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

6.2    **COUNT 1 – BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiffs had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiffs were the insureds of the contract. Plaintiffs fully performed their contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiffs purchased, Defendant STATE FARM had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

c.      Defendant STATE FARM's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant STATE FARM's contract with Plaintiffs.  As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this Complaint, the producing cause of which is Defendant's actions.

6.3     **COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant STATE FARM had a duty to investigate and pay Plaintiffs' claim under the Policy in a timely manner.  Defendant STATE FARM violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.  Furthermore, Defendant has delayed full payment of Plaintiffs' claim for more than 60 days, after receiving all items, statements, and forms that it requested under Tex. Ins. Code § 542.055; Notice of Claim.

b.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Complaint.  Defendant STATE FARM is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit, a fact it acknowledged in the June 17, 2016 letter sent to Plaintiffs' counsel.

c.      Additionally, if it is determined Defendant STATE FARM owes Plaintiffs any additional money on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.  Plaintiffs believe further discovery will support these violations of Section 542.

6.4     **COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a.      As an insurer, Defendant STATE FARM owes statutory duties to Plaintiffs as its insured.  Specifically, the Texas Insurance Code prohibits Defendant STATE FARM from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By its acts, omissions, failures, and conduct; specifically waiting almost one month before inspecting the Property, as well as refusing to get on the roof or inspect the interior before evaluating the loss and make a payment, Defendant STATE FARM has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.   Such violations include, without limitation, all the conduct described in this Complaint, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claim, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear.  They further include Defendant's failure to give Plaintiffs the benefit of the doubt.   The claims are described more specifically in the Facts section of this Complaint, however, Defendant STATE FARM are guilty of the following unfair insurance practices:

i.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

ii.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

iii.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

iv.     Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

v.      Refusing to provide Plaintiffs with a copy of the applicable Policy in place at the time of the loss, forcing Plaintiffs to sue to obtain it.

c.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiffs' damages that are described in this Complaint, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code. Plaintiffs believe further discovery will support these violations of Section 541.

6.5    **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.      Plaintiffs are individuals who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  They also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the

Texas Business and Commerce Code.  The Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this Complaint, Defendant STATE FARM has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(5) and (7) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.   In this respect, Defendant's violations include without limitation:

i.      As described in this Complaint, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have; specifically that the policy would cover Plaintiffs fully in the event of a covered loss, and that Defendants service and adjustment of claims under that policy would be conducted in a reasonable and thorough manner so as to provide a true and accurate evaluation of the loss, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA; and

ii.     As described in this Complaint, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade; specifically that the policy would cover Plaintiffs fully in the event of a covered loss and that Defendants service and adjustment of claims under that policy would be conducted in a reasonable and thorough manner so as to provide a true and accurate evaluation of the loss, when they were of a much lower standard, quality, or grade that would prevent

the accomplishment of the above, in violation of Section 17.46(b)(7) of the DTPA;

c.     All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiffs' damages that are described in this Complaint.  All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.  Plaintiffs believe further discovery will support these violations of Chapter 17 of the Texas Business and Commerce Code.

## VII.  WAIVER AND ESTOPPEL

7.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.   Waiver and estoppel are in no way intended as causes of action in of themselves, but instead are theories that apply to the other causes of action listed above.

## VIII.  DAMAGES / CLAIMS FOR RELIEF

8.1     All the damages described and sought in this Complaint are within the jurisdictional limits of the Court.

8.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4) attorney fees.   The Plaintiffs are entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

8.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs are entitled to recovery of up to three times actual damages. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## IX.  ATTORNEY'S FEES

9.1     As a result of Defendant's conduct that is described in this Complaint, Plaintiffs have been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## X.  JURY DEMAND

10.1    Plaintiffs demanded a jury trial in its state court petition, and tendered the appropriate fee at the time of filing.

## XII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs TIM BRECHT and LESA WALTON pray that they be awarded all such relief to which it is due as a result of the acts of Defendant STATE FARM LLOYDS, to include, without limitation, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and

justly compensate Plaintiffs, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all other damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2016, a true and correct copy of the foregoing was served on all counsel of record, via the below methods, as follows:

**Armando De Diego**
The Law Office of Armando De Diego, P.C.
1201 West Griffin Street
Dallas, Texas 75215-1030
Telephone: (214) 426-1220
Facsimile: (214) 426-1246
adediego@dediego.com
***Via Electronic Service***

**Harvey G. Joseph**
The Law Office of Armando De Diego, P.C.
1201 West Griffin Street
Dallas, Texas 75215-1030
Telephone: (214) 426-1220
Facsimile: (214) 426-1246
hjoseph@dediego.com
***Via Electronic Service***

By: _/s/ *Jesse S. Corona*_____
Jesse S. Corona